Bernard E. SIMON, M.D., Appellant,

v.

**DEPARTMENT OF JUSTICE.**

No. 91–5046.

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 30, 1992.
Decided Dec. 15, 1992.

Nancy S. Schultz, Washington, D.C., for appellant.

Marina Utgoff Braswell, Asst. U.S. Atty., Jay B. Stephens, U.S. Atty., John D. Bates, and R. Craig Lawrence, Asst. U.S.

Attys., Washington, D.C., were on the brief, for appellee.

Before SILBERMAN, BUCKLEY, and D.H. GINSBURG, Circuit Judges.

Opinion for the Court filed by Circuit Judge D.H. GINSBURG.

D.H. GINSBURG, Circuit Judge:

Dr. Bernard E. Simon brought suit pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, in order to gain access to Federal Bureau of Investigation records relating to him. The district court granted the FBI's motion for summary judgment on the ground that the requested records are exempt from the disclosure requirements of the two statutes. For the reasons stated below, we affirm.

## I. BACKGROUND

The appellant, invoking the FOIA and the Privacy Act, asked the FBI for a copy of any records it had of an investigation pertaining to him. The FBI located a document responsive to the appellant's inquiry consisting of a one-page interoffice letter and a two-page indices search request. The Bureau withheld this document, however, pursuant to two FOIA exemptions relating to records compiled for law enforcement purposes: Exemption 7(C), which permits an agency to withhold such a document if disclosure could constitute an "unwarranted" invasion of personal privacy, and Exemption 7(D), which permits an agency to withhold such a document if disclosure could reveal the identity of a confidential source. *See* 5 U.S.C. § 552(b)(7)(C), (D). In refusing to release the requested document, the FBI also relied upon Exemption j(2) of the Privacy Act, which allows a law enforcement agency to withhold information compiled in the course of a criminal investigation or for the purpose of enforcing the criminal laws. *See* 5 U.S.C. § 552a(j)(2).

When the appellant had exhausted his administrative remedies he filed this action in district court. The FBI moved for summary judgment and submitted a one-page

index and accompanying affidavits, referred to collectively as a *"Vaughn* index" after *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973), describing the disputed document and invoking the above-cited exemptions.

After in camera review of the document, the district court held that "for the most part, the [FBI] properly relied upon Exemptions 7(C) and 7(D) of the FOIA and Exemption j(2) of the Privacy Act to withhold the document." *Simon v. Dept. of Justice,* 752 F.Supp. 14, 24 (D.D.C.1990). The court did, however, order that certain portions of the interoffice letter be released. *Id.* On appeal, Dr. Simon seeks access to the rest of the document.

## II. ANALYSIS

The appellant argues that the *Vaughn* index is insufficiently detailed to justify withholding the redacted information under the exemptions invoked by the FBI. In particular, he contends that the FBI has not demonstrated that the document was produced for "law enforcement purposes," as required for Exemptions 7(C) and 7(D) of the FOIA to apply, nor that the document was "compiled for the purpose of a criminal investigation," as required for application of Exemption j(2) of the Privacy Act. (The "purpose" requirements of the two statutes may be treated as coterminous in this case. *See Simon,* 752 F.Supp. at 23.)

■ A record is deemed to have been created or compiled for a law enforcement purpose only if (1) it arose from an investigation "related to the enforcement of federal laws or to the maintenance of national security" (the "nexus" requirement), and (2) "the nexus between the investigation and one of the agency's law enforcement duties [is] based on information sufficient to support at least 'a colorable claim' of its rationality." *Pratt v. Webster,* 673 F.2d 408, 420–21 (D.C.Cir.1982). In an effort to meet these requirements, the supplemental affidavit of FBI Special Agent Catherine Mazauskas states that (1) the appellant was investigated under the Internal Securi-

ty Act of 1950, 50 U.S.C. § 781 *et seq.*, and (2) his file carries a "100"–level classification, which indicates a domestic security investigation. In support of its motion for summary judgment, the Government added that (3) the appellant was involved in certain protest activity as a student in 1935.

As the appellant argues, the Government's reference to his student protest activity appears at best to be a post hoc rationalization for withholding the requested document. The FBI did not cite these activities in its *Vaughn* index or its affidavits. Indeed, the Government referred to this evidence only after the appellant himself, surmising that the withheld document might relate to his 1935 activity—and thereby calling attention to it—argued that he was not involved in any activity indicating a possible security risk or violation of federal law. Furthermore, at oral argument, the Government was unwilling to state definitively that the requested document relates in any way to the appellant's 1935 activities. Accordingly, in evaluating the Government's claim that the document is exempt from disclosure, we shall disregard completely Dr. Simon's involvement in any student protest activity. Indeed, we remain bewildered that the Government would assert that this evidence supports withholding the requested document.

■ The appellant also persuasively contends that the Bureau's references to the National Security Act and the "100"–level designation of the requested document are insufficient to establish a "nexus" between the appellant and a potential violation of federal law. To be sure, a "100" designation made in the ordinary course of an FBI investigation is evidence relevant to finding a law enforcement purpose, but it can hardly be dispositive by itself. "Merely to stamp a document 'national security' does not of course make that characterization reasonable." *Keys v. Dept. of Justice*, 830 F.2d 337, 341 (D.C.Cir.1987).

■ Even assuming that the FBI has not met the nexus requirement of *Pratt*, however, its failure to do so must be understood by reference to the character of the document being sought in this case. That document consists almost entirely of the statements of a confidential informant, and all such statements are protected from disclosure under FOIA Exemption 7(D). *See Schmerler v. FBI*, 900 F.2d 333, 336–37 (D.C.Cir.1990). Thus, the FBI could not say anything further in the *Vaughn* index about the requested document without also revealing information protected from disclosure by Exemption 7(D). The FBI should itself, however, have noted in the *Vaughn* index that it could make no further disclosure without the danger of revealing confidential information or the identity of a confidential source.

■ In this unusual circumstance, where the agency cannot describe the document fully enough to show that it is exempt from disclosure without in the course of doing so disclosing the very information that warrants exemption, the solution is for the court to review the document in camera. The appellant objects that in camera review is no substitute for an adequate *Vaughn* index because it precludes "effective advocacy." *See Wiener v. FBI*, 943 F.2d 972, 979 (9th Cir.1991). Where a more detailed index could reveal confidential information or the identity of a confidential source, however, in camera review of the requested document—although admittedly imperfect for the reason the appellant states—is the best way to assure both that the agency is entitled to the exemption it claims and that the confidential source is protected.

■ Our own review of the requested document reveals that it was indeed created for a criminal law enforcement purpose, thus bringing it within Exemption j(2) of the Privacy Act, and that in addition it consists almost entirely of the statements of a confidential source, and is thus within Exemption 7(D) of the FOIA. *See Schmerler*, 900 F.2d at 336 ("the pertinent question is whether the information was furnished by a 'confidential source' during the course of a legitimate criminal law investigation. Once that question is answered in the affirmative, all such information obtained from the confidential source receives protection"), *quoting Lesar v. Dept. of Justice*, 636 F.2d 472, 492 (D.C.Cir.1980).

Therefore, we need not address whether Exemption 7(C) of the FOIA, which may involve a delicate balancing of interests, *see King v. Dept. of Justice,* 830 F.2d 210, 233–34 (D.C.Cir.1987), would independently justify the FBI in withholding the requested document.

### III. CONCLUSION

The document that Dr. Simon seeks is covered by Exemption 7(D) of the FOIA and Exemption j(2) of the Privacy Act. Although the *Vaughn* index submitted to the district court does not establish the requisite "nexus" between the appellant and a possible violation of federal law, the agency need not demonstrate this nexus in the *Vaughn* index to the extent that doing so could reveal confidential information or the identity of a confidential source. In this unusual circumstance, the district court must—as it did—review the requested document in camera in order to determine whether the claimed exemption is applicable. Since upon inspection it is clear that the document in the present case falls within Exemption 7(D) of the FOIA and Exemption j(2) of the Privacy Act, the judgment of the district court is

*Affirmed.*