77 F.3d 490
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rose Maria RIVAS, a.k.a. Rosa Rivas-Mejia, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70079.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1996.*
Decided Feb. 13, 1996.
 
 1
 Before: WALLACE, Chief Judge, T.G. NELSON, Circuit Judge, and BROWNING,** District Judge.
 
 MEMORANDUM
 
 2
 Rivas-Mejia, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' (Board) decision denying her application for asylum and withholding of deportation. The Board exercised jurisdiction pursuant to 8 C.F.R. §§ 3.1(b)(2), 242.21. We have jurisdiction over this timely application pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 We must uphold the Board's discretionary decision denying asylum if it is supported by reasonable, substantial, and probative evidence in the record. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). "It can be reversed only if the evidence presented by [petitioner] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Id. Review, therefore, is for an abuse of discretion. Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995). Factual findings underlying the decision, including whether the alien has proved a well-founded fear of persecution, are reviewed for substantial evidence. Prasad v. INS, 47 F.3d 336, 338-39 (9th Cir.1995) (Prasad ).
 
 
 4
 Section 208(a) of the Immigration and Nationality Act (Act), 8 U.S.C. § 1158(a), gives the Attorney General discretion to grant political asylum to any alien she determines to be a "refugee" within the meaning of section 101(a)(42)(A) of the Act, 8 U.S.C. § 1101(a)(42)(A). To receive asylum, Rivas-Mejia must show that she is unwilling to return to her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." Id. To establish eligibility on the basis of a "well-founded fear of persecution," Rivas-Mejia's fear must be both subjectively genuine and objectively reasonable. Ghaly v. INS, 58 F.3d 1425, 1428 (9th Cir.1995).
 
 
 5
 The Board found that Rivas-Mejia feared persecution upon her return to Nicaragua, but it determined that she failed to show an objectively reasonable basis for this fear. Based on an independent review of the record, the Board concluded that Rivas-Mejia did not establish past persecution or a well-founded fear of future persecution on account of her political opinion or membership in a particular social group.
 
 
 6
 Rivas-Mejia first argues that the Board should have granted her asylum because (1) she and her family belong to the Conservative Party of Nicaragua, a political organization opposed to the Sandinistas; (2) she participated in an anti-Sandinista demonstration where she and other protesters were attacked by Sandinista mobs; (3) while in school, she endured threats and harassment from members of the Sandinista Youth; (4) the Sandinista Defense Committee in her neighborhood considered her a "reactionary"; (5) she found anonymous letters at her door stating that she would be burned because she was a counter-revolutionary; (6) she was mistreated at work because her brother was a leader of the Nicaraguan Resistance; (7) her brother was imprisoned and tortured by the Sandinistas; (8) two of her uncles had all their property confiscated because they were members of the Conservative Party; (9) one of these uncles was imprisoned and tortured; (10) the Sandinistas denied her family a commercial license and the right to buy produce; (11) while pregnant, she was detained at the border by the Sandinistas when she tried to leave Nicaragua; there, the Sandinistas kept her in a dark, hot, and unventilated room where she was interrogated and eventually fainted; and (12) as a result of her detention, her son was "almost dead" when she gave birth to him five days later. These facts would not compel a reasonable factfinder to find that Rivas-Mejia suffered persecution, which we have defined as "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." Prasad, 47 F.3d at 339, quoting Desir v. Ilchert, 840 F.2d 723, 726-27 (9th Cir.1988). In Prasad, the petitioner suffered physical attacks and harassment, and he was detained for four to six hours by government officials. Furthermore, his alleged persecutors threw rocks at his house and attempted to steal property; yet we found no persecution. Id. at 339-40. Although we agree with the immigration judge (IJ) that Rivas-Mejia most likely suffered harassment in Nicaragua, we cannot say that a reasonable factfinder would be compelled to conclude that she suffered persecution.
 
 
 7
 The Board also found that Rivas-Mejia had not demonstrated a well-founded fear of future persecution. The Board based this finding on the changed circumstances in Nicaragua: the Sandinistas were voted out of office in an open election and thus cannot persecute Rivas-Mejia. She responds, contending that the Board improperly took administrative notice of recent developments in Nicaragua in denying her application for asylum. The Board did not err in adopting the IJ's determination based on these facts. Rivas-Mejia had "ample opportunity to argue before the [IJ] and the [Board] that [her] fear of persecution remained well-founded, despite [changed circumstances]." Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993) (Acewicz ). Rivas-Mejia did address the administratively-noticed fact that Nicaragua now has a democratically elected president, stating that "[t]hey just changed presidents but the power and arms are still the government's ruled by the Sandinistas." She now argues that the record does not support the Board's finding that the Sandinistas no longer present a threat of persecution. The advisory opinion submitted by the Bureau of Human Rights and Humanitarian Affairs, however, states that although the Sandinistas retain "considerable power, ... incidents of retribution by Sandinistas are the exception rather than the rule." This opinion can constitute substantial evidence, see Elnager v. INS, 980 F.2d 784, 789 (9th Cir.1991), and, in this case, it supports the Board's findings.
 
 
 8
 Even if she failed to prove the future persecution prong, Rivas-Mejia contends she is entitled to relief, premised on a finding of past persecution under Matter of Chen, Int.Dec. 3104 (BIA1989). Under Chen, the Board may grant asylum "for humanitarian reasons, where an applicant or [her] family has suffered under atrocious forms of persecution, even where there is little likelihood of future persecution." Acewicz, 984 F.2d at 1062 (internal quotations omitted). In adopting the reasoning of the IJ, the Board found that even if Rivas-Mejia showed that she suffered past persecution, no humanitarian or compelling reasons warranted asylum. This finding is not clearly erroneous. "The applicant in Chen was a Chinese Christian whose father had been systematically tortured for eight years due to his religious beliefs. From age eight, Chen himself was tortured, harassed, and deprived of food and necessary medical attention." Id. Rivas-Mejia has not presented such compelling facts warranting a grant of asylum under Chen.
 
 
 9
 We conclude that Rivas-Mejia has not presented evidence that compels us to upset the decision of the Board finding that Rivas-Mejia failed to establish past persecution or a well-founded fear of persecution. It follows that she cannot meet the more stringent standard for withholding of deportation. Prasad, 47 F.3d at 340.
 
 
 10
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable William D. Browning, United States District Judge, District of Arizona, sitting by designation