Hugh Joseph BEARD, Jr., Plaintiff,

v.

DEPARTMENT OF JUSTICE, Defendant.

Civil Action No. 94–02694.

United States District Court,
District of Columbia.

March 6, 1996.

Hugh Joseph Beard, Jr., Washington, DC, Pro Se.

Rudolph Contreras, U.S. Attorney's Office, Washington, DC, for defendant.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This matter comes before the Court on cross motions for summary judgment. Plaintiff is an attorney appearing *pro se*. Defendant is the United States Department of Justice.

## FACTS

Plaintiff made his initial FOIA request by letter to the FBI on April 15, 1991. Plaintiff

requested all documents held by the Department of Justice which concerned him. The FBI released a number of documents to the Plaintiff. Plaintiff filed this action under the Freedom of Information Act (FOIA) on December 15, 1994, seeking the release of additional material.

At this stage the case involves a dispute over a single document, namely an investigative report regarding the Plaintiff prepared by the Metropolitan Police Department of the District of Columbia (MPD). Defendant claims that the document need not be produced because it comes within exemption (7)(D) of § 552 of the FOIA. This provision protects from disclosure confidential sources named in law enforcement documents. The FBI obtained the MPD report as part of a background investigation of Plaintiff.

## SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." Mere allegations or denials of the moving party's pleadings are not enough to prevent issuance of summary judgment. The adverse party's response to the summary judgment motion must "set forth specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e).

The Supreme Court set forth the governing standards for issuance of summary judgment in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), in which the Supreme Court recognized the need for summary judgment to the fair and efficient functioning of the justice system:

> Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.Proc. 1....
>
> Rule 56 must be construed with due regard not only for the rights of persons

asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis. *Id.* at 327, 106 S.Ct. at 2555. (citation omitted).

The non-moving party, is "required to provide evidence that would permit a reasonable jury to find in its favor". *Laningham v. U.S. Navy*, 813 F.2d 1236, 1242 (D.C.Cir.1987) (*per curiam*) (citing *Celotex, supra*). The moving party is entitled to summary judgment where "the non-moving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552. Any factual assertions contained in affidavits and other evidence in support of the moving party's motion for summary judgment shall be accepted as true unless the facts are controverted by the non-moving party through affidavits or other documentary evidence. *See* Local Rule 108(h).

In resolving the summary judgment motion, all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202. The inferences, however, must be reasonable, and the non-moving party can only defeat a motion for summary judgment by responding with some factual showing to create a genuine issue of material fact. *Harding v. Gray*, 9 F.3d 150, 154 (D.C.Cir.1993).

## ANALYSIS AND DECISION

Exemption (7)(D) states:

> This section does not apply to ... records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency ... which furnished information on a confidential basis,

and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, ... information furnished by a confidential source ... 5 U.S.C. § 552(b)(7)(D).

■ Plaintiff contends that this provision is not applicable in this case because the MPD is not a state or local agency within the meaning of those word contained in the statute. Plaintiff concedes that if the Defendant is entitled to invoke this provision, he would not be entitled to review the requested document. Plaintiff states that since the MPD was created by federal law, and is part of the District of Columbia, it is an agency not of a state but of the federal government. Plaintiff further argues that since federal agencies are required to share information with each other, the MPD could not have had an expectation of confidentiality when it turned over its investigative report to the FBI.

Plaintiff's arguments are not sustainable. The Freedom of Information Act explicitly excludes the District of Columbia from its coverage. *See* 5 U.S.C. §§ 552(e) & 551(1). The specific exclusion of the District of Columbia from federal FOIA coverage is evidence that Congress considers the MPD to be a "local" and not a federal agency. The District of Columbia has its own police force, trial courts, and appeals court. The police force reports to its own police chief, who in turn reports to the Mayor. The MPD does not report to the FBI. On these facts, the MPD must be deemed to be a "local" law enforcement agency for the purposes of FOIA.

### Exemption 7(D)

■ Where Exemption 7(D) refers to a "confidential source," the term includes institutional sources, as well as individual sources of information. *Lesar v. United States Department of Justice*, 636 F.2d 472, 491 (D.C.Cir.1980) (holding that "Congress could not have intended to draw a distinction between individual and institutional sources of information"); *Putnam v. United States Department of Justice*, 873 F.Supp. 705, 717 (D.D.C.1995) (holding that state law enforce-

ment agency information should be kept confidential if there is an implicit understanding of confidentiality). A local law enforcement agency's information is protected under 7(D) if it is the confidential source of the information requested from the federal agency. *See* 5 U.S.C. § 552(b)(7)(D); *see also U.S. Department of Justice v. Landano*, 508 U.S. 165, 171, 113 S.Ct. 2014, 2019, 124 L.Ed.2d 84 (1993).

■ In this case, the FBI requested permission from the MPD to release the information. The request was denied. As stated in *Putnam v. United States Department of Justice, supra* "[A]bsent authorization from the [local] law enforcement agency, the Court can infer that the [District of Columbia] police provided the information, and the FBI accepted the information, with the understanding that it would remain confidential." *Putnam*, 873 F.Supp. at 717. Since the MPD does not agree to release the information, the exemption provided under 7(D) must be honored.

The document in question is an investigative report of a local law enforcement agency. Requiring the FBI to disclose confidential documents received from local law enforcement agencies would injure the ongoing important relationships between federal and local law enforcement agencies. Without assurance that information given to the FBI would be protected from public disclosure, local law agencies may very well abstain from providing information to the FBI in their cooperative endeavors.

The District of Columbia would be the primary, appropriate source of the requested information. Since the District of Columbia has its own Freedom of Information Act [1] the Plaintiff should make his request directly to the District of Columbia. Nothing in this opinion bars the Plaintiff from pursuing that avenue. To allow Plaintiff to obtain the information sought without going to the primary source would be to create a "Northwest Passage" around the District's Freedom of Information Act.

The Defendant has responded appropriately to Plaintiff's FOIA request. It has made a

---

1. D.C.Code Ann. § 1522–1529 (1981).

**64**

thorough search and has produced all responsive information not subject to exemption. *See* Kelso Declaration ¶¶ 7–10. Defendant's motion for summary judgment will be granted, Plaintiff's motion will be denied and Plaintiff's complaint will be dismissed. An appropriate Order follows this Memorandum Opinion

## ORDER

This matter comes before the Court on cross-motions for summary judgment. For the reasons stated in the Memorandum Opinion of this date, it is hereby

**ORDERED** that Defendant's motion for summary judgment be **GRANTED**. It is further

**ORDERED** that Plaintiff's motion for summary judgment be **DENIED**. It is further

**ORDERED** that Plaintiff's complaint be **DISMISSED**.