**Edwin ROTHSCHILD, Plaintiff,**

v.

**DEPARTMENT OF ENERGY, Defendant.**

**No. CIV.A. 97–1825 (JR).**

United States District Court, District of Columbia.

May 1, 1998.

Martin Lobel, Lobel, Novins & Lamont, Washington, DC, for Plaintiff.

Kimberly N. Brown, Assistant U.S. Attorney, Washington, DC, for Defendant.

### MEMORANDUM

ROBERTSON, District Judge.

At issue in this Freedom of Information Act (FOIA) case is whether the Department of Energy (DOE) has adequately responded to plaintiff's request for documents that relate to a DOE study of regional petroleum needs in the Northeastern United States. Specifically, plaintiff questions the adequacy of DOE's search for responsive documents. Plaintiff also challenges DOE's assertion of the deliberative process privilege, asserting that DOE has waived the privilege by disclosing its deliberations to members of the petroleum industry. Because I find that DOE performed a reasonable search for the requested documents and that plaintiff has not produced evidence of DOE's disclosure of relevant materials, DOE's motion for summary judgment will be granted.

### Background

Plaintiff submitted a request on July 9, 1997 seeking "all records—draft reports, memoranda, analyses, meeting minutes, briefing documents, e-mail messages, etc. pertaining to a report to Congress on the costs and benefits of a regional petroleum product reserve [RPPR Study]." DOE responded by letter on September 5, 1997, stating that the RPPR Study was still under review, and that any responsive documents were therefore predecisional, deliberative documents that need not be produced. 5 U.S.C. § 552(b)(5).

Unsatisfied with these results, plaintiff requested that DOE perform an additional search. DOE did so, and also performed an additional review of the withheld documents to determine whether any of them could be released. The additional review turned up two documents. DOE released some of the previously withheld materials, even though the RPPR Study had not yet been completed.

Plaintiff then initiated this suit. DOE answered, produced an index of the documents withheld and the privileges claimed, see Vaughn v. Rosen, 484 F.2d 820 (D.C.Cir. 1973), and filed the instant motion for summary judgment together with affidavits attesting to the adequacy of its search. In its motion, DOE asserts that the documents were properly withheld under the deliberative process privilege encompassed within Exemption 5 because they are: a) pre-decisional (indeed, DOE asserts, they are still pre-decisional, in that no decision has yet been made); and b) deliberative.

Plaintiff concedes that the withheld documents are both pre-decisional and deliberative and focuses his challenge on the adequacy of the DOE search and on his assertion that the deliberative process privilege has been waived. In support of the first point, he appends 14 documents to his opposition which he believes to be responsive and within the possession of DOE but which were neither listed in DOE's Vaughn index nor released to him. In support of the second point, he appends a document memorializing a meeting about the RPPR Study between a DOE subcontractor and representatives of the petroleum industry.

DOE replies that most of the documents appended to plaintiff's opposition are in fact non-responsive to his FOIA request. If it missed a few documents in its search, DOE argues, its affidavits still establish that the search was reasonable and adequate. As for the meeting memorandum, DOE argues, it does not reveal what, if any, privileged information was disclosed to DOE outsiders, and it does not show that the disclosures, if any, were authorized by DOE.

### Analysis

*1. Adequacy of search*

Where the adequacy of an agency's search for documents under FOIA is chal-

lenged, "the issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate.*" *Weisberg v. United States Department of Justice,* 745 F.2d 1476, 1485 (D.C.Cir.1984). The agency will prevail on a motion for summary judgment only where it can show that it "has conducted a reasonable search." *Weisberg v. United States Department of Justice,* 705 F.2d 1344, 1351 (D.C.Cir.1983). For purposes of this showing, the agency "may rely upon affidavits..., as long as they are relatively detailed and nonconclusory and ... submitted in good faith." *Id.* (citations and quotations omitted). The required level of detail "set[s] forth the search terms and the type of search performed, and aver[s] that all files likely to contain responsive materials (if such records exist) were searched...." *Oglesby v. United States Department of the Army,* 920 F.2d 57, 68 (D.C.Cir.1990).

■■ Plaintiff does not attack the adequacy of defendant's affidavits, resting his opposition instead upon "copies of or references to documents in the possession of [DOE] which are relevant to [plaintiff's] FOIA request but which have not been listed on [DOE's] 'Vaughn Index.'" Declaration of Edwin S. Rothschild, ¶ 2, appended to Opp. to Mot. for Summ. Judg.

Of the fourteen such documents plaintiff identifies as "relevant," eleven do not mention or specifically discuss the RPPR Study. *See Steinberg v. United States Department of Justice,* 23 F.3d 548, 552 (D.C.Cir.1994) (if an agency's search were not limited to the specific subject of the request, "an agency ... might be forced to examine virtually every document in its files, following an interminable trail of cross-referenced documents....") One more is clearly a draft

version of a document that is listed in the government's *Vaughn* index,[1] and DOE correctly points out that it is under no duty to disclose documents not in its possession, and that "such drafts may not necessarily have been retained in the normal course, [so] there is no reason to believe that a *third* search ... would recover·them." Reply Memo at 6, n. 3.

Thus, plaintiff has identified at most two responsive documents which may be in DOE's possession but were neither turned over to him nor listed in the *Vaughn* index. Such a showing demonstrates that the government's search was not perfect. Perfection, however, is not the standard, and the government's failure to locate two responsive documents does not defeat the government's showing—which is not otherwise challenged—that its search was adequate.

*2. Waiver of deliberative process privilege*

■■ Plaintiff's argument that DOE waived its deliberative process privilege rests upon a memorandum from Asa Janey to Zeta Rosenberg, dated June 9, 1997, and captioned "Feedback from API." Plaintiff asserts that this memorandum discusses a meeting in which Mr. Janey, the DOE subcontractor responsible for preparing the RPPR Study cost-benefit analysis, revealed information about DOE's deliberative process in conducting the RPPR Study to members of the American Petroleum Institute (API).

DOE denies that there has been a waiver, arguing that the document does not identify any specific information about its deliberative process that was revealed during the meeting.[2] *See Public Citizen v. Department of State,* 11 F.3d 198, 201 (D.C.Cir.1993) ("plaintiffs cannot simply show that similar information has been released, but must establish

---

1. Plaintiff's exhibit 1, a memorandum to the Secretary of Energy from Patricia Godley dated October 9, 1996, labeled "REVISED DRAFT," and captioned "Regional Petroleum Product Reserves," is clearly an earlier version of the entry in the *Vaughn* index dated October 11, 1996, and summarized as a "Memorandum for the Secretary from Patricia Fry Godley, Assistant Secretary for Fossil Energy, entitled *Response on [sic] Congressman Kennedy on a Regional Petroleum Product Reserve (PPPR) [sic] for heating oil.*"

2. DOE also asserts that Mr. Janey was not a DOE employee, but a subcontractor, and that plaintiff has failed to show that any disclosure he may have made was authorized by DOE. Because I find that plaintiff has failed to present sufficient evidence of waiver, the question of authorization need not be resolved.

that a specific fact already has been placed in the public domain"); *Davis v. United States Department of Justice,* 968 F.2d 1276, 1279 (D.C.Cir.1992) ("party who asserts ... material publicly available carries the burden of *production* on that issue"). Indeed, the Janey memorandum does not specify what information, if any, Mr. Janey disclosed to API. It mentions only that Mr. Janey made a presentation "on the Northeast distillate market econometric model," and then outlines the feedback he received from API representatives. Thus, plaintiff has not carried his burden of producing evidence that would create a genuine dispute of material fact as to whether Mr. Janey disclosed DOE's deliberative process at the API meeting.[3]

An appropriate order accompanies this memorandum.

### *ORDER*

Upon consideration of defendant's motion for summary judgment, the opposition thereto, the entire record, and for the reasons stated in the accompanying memorandum, it is this 1st day of May, 1998,

**ORDERED** that defendant's motion for summary judgment [# 13] is **Granted.**

---

**3.** Plaintiff asserts that the Janey memorandum creates a disputed issue of material fact requiring a trial. While the government of course retains the burden of *persuasion* on its assertion of privilege, *see Washington Post Co. v. U.S. Dept. of Justice,* 863 F.2d 96, 101 (D.C.Cir.1988), plaintiff here has not even met his burden of *production* by "setting forth such facts as would be admissible in evidence" to show that privileged material has been made publicly available. *See* F.R.C.P. 56(e); *see also Occidental Petroleum Corp. v.*

*SEC,* 873 F.2d 325, 342 (D.C.Cir.1989) ("It is far more efficient, and obviously fairer, to place the burden of production on the party who claims that the information is publicly available.") Nor has plaintiff requested discovery pursuant to F.R.C.P. 56(f) to uncover admissible evidence that might make that showing. *See, e.g., Exxon Corporation v. Federal Trade Commission,* 663 F.2d 120, 127 (D.C.Cir.1980) (discovery may be available to show waiver of privilege).