Edward V. DIPIETRO, Plaintiff,

v.

**EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS,**
Defendant

**No. 03–1214 (RJL).**

United States District Court,
District of Columbia.

Aug. 13, 2004.

jurisdiction to hear the plaintiff's accounting claim.

Edward Vincent Dipietro, Ayer, MA, pro se.

William Mark Nebeker, U.S. Attorney's Office, Washington, DC, for Defendant.

### MEMORANDUM OPINION AND ORDER

LEON, District Judge.

This matter is before the Court on defendant's motion to dismiss or, in the alternative, for summary judgment. Having considered defendant's motion, plaintiff's opposition, and the entire record, the Court will grant the motion in part, and deny the motion in part without prejudice.

### I. BACKGROUND

In December 2002, plaintiff submitted to the United States Department of Justice, Executive Office for United States Attorneys ("EOUSA"), a request for information pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Specifically, plaintiff requested:

> My case agent's entire file, including "ticklers" from the Middle District of Florida. From 1998 to date, out of the Middle District of Florida, I would like all lab reports, Confidential Informant information, and all materials from the Polk County Sheriff's Department investigation including "CI" information with dates. All information either direct[ly] or indirectly pertaining to me.

Compl. at 1 & Ex. A (FOIA Request dated December 22, 2002). EOUSA staff ac-

knowledged receipt of plaintiff's FOIA request by letter dated January 13, 2003. *Id.*, Ex. A (Letter from Assistant Director, FOIA/PA Unit, EOUSA, regarding Request No. 02–4209). Because the EOUSA failed to respond to his request within the requisite time period, plaintiff appealed to the Justice Department's Office of Information and Privacy ("OIP"). *Id.*,. Ex. A (Plaintiff's letter to the EOUSA dated February 28, 2003). OIP staff responded, and informed plaintiff that no appeal would be entertained until the EOUSA made an initial determination on plaintiff's FOIA request. *Id.*, Ex. A (Letter from Co–Director, OIP, dated April 21, 2003).

In July 2003, 15 pages of records were released to plaintiff. Boseker Decl., ¶ 8. Of these 15 pages, 6 were released in full, 9 were redacted in part. *Id.* Another 29 pages of records, including 12 pages of grand jury materials, were withheld in full. *Id.*

EOUSA staff located an additional 9 pages of records, and referred those documents to the Drug Enforcement Administration ("DEA"). Boseker Decl., ¶ 11. Of these 9 pages, DEA released 5 pages (copies of photographs) after having redacted the faces of third parties, and released another 4 pages after having redacted the names of third parties and law enforcement personnel. Wassom Decl., ¶¶ 11, 13–16.

In this action, plaintiff challenges defendant's response to his FOIA request.

## II. DISCUSSION

### A. Standard of Review

■ To obtain summary judgment in a FOIA action, an agency must show, viewing the facts in the light most favorable to the requester, that there is no genuine issue of material fact with regard to the agency's compliance with FOIA. *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C.Cir.1994) (quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C.Cir.1984)). The Court may award summary judgment solely on the information provided in an agency's affidavits or declarations when its affidavits or declarations describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."[1] *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir.1981).

### B. Adequacy of Search

■ FOIA requires that the agency conduct a search for responsive records using methods reasonably expected to produce the information requested. *Campbell*

1. In support of its summary judgment motion, defendant submits the declarations of John F. Boseker and Leila Wassom. Mr. Boseker is an Attorney–Advisor at the EOUSA, and specifically is assigned to administer the FOIA. Boseker Decl., ¶ 1 (filed as an attachment to a Notice of Filing on November 4, 2003 [Dkt. # 18]). He declares that he is familiar with the FOIA, the EOUSA's policies and procedures for handling FOIA request, and personally is familiary with plaintiff's FOIA request. *Id.*, ¶¶ 2–3.

Ms. Wassom is a Paralegal Specialist assigned to the Freefom of Information Operations Unit (known as "SARO"), Freedom of Information and Records Management Section, at DEA Headquarters in Washington, DC. Wassom Decl., ¶ 1 (filed as an attachment to defendant's summary judgment motion). In her official capacity, Ms. Wassom reviews FOIA and Privacy Act requests for litigation purposes. *Id.*, ¶ 2. She declares that she is familiar with DEA policies and practices regarding the processing of FOIA requests, exemptions to and the release of information pursuant to FOIA. *Id.*, ¶ 3. She makes this declaration after having read the plaintiff's complaint and other relevant documents. *Id.*, ¶ 4.

*v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C.Cir.1998). In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness. *Oglesby v. United States Dep't of the Army*, 920 F.2d at 68. The agency bears the burden of proof to show that its search was calculated to uncover all relevant documents. *Steinberg*, 23 F.3d at 551. To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121 (D.C.Cir.1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with FOIA. *Id.* at 127. If the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C.Cir.1990).

Because plaintiff specifically referred to a particular federal district, the EOUSA's search centered on records maintained at the United States Attorney's Office for the Middle District of Florida ("USAO/MDFL"). Using plaintiff's name and criminal case number, among other search terms, USAO/MDFL staff conducted a search of its computer case tracking system. Staff located responsive documents in a file pertaining to plaintiff's criminal case: *U.S. v. Edward DiPietro*, 8:00–CR–13–T–27B. Boseker Decl., ¶¶ 13–14.

■ Plaintiff challenges the search on the ground that so few records were located. He refers to a letter sent by a Special Drug Enforcement agent to his criminal defense counsel in April 2000. Pl.'s Opp. at 3 & Ex. A. That letter lists a number of exhibits, including a DEA laboratory analysis report, investigative reports, and photographs, that were in the government's possession at that time. *Id.* at 3–5. Plaintiff also contends that his criminal case

originated in the Polk County Sheriff's Office, and faults defendant for failing to produce any records maintained by the Polk County Sheriff. *Id.*, 4–5. Plaintiff's challenges are without merit.

■ An agency's unsuccessful search for records that once may have existed does not render the search inadequate. *Meeropol v. Meese*, 790 F.2d 942, 952–53 (D.C.Cir.1986). Plaintiff merely speculates that other records are or were in the agency's possession. Such speculation neither constitutes evidence to contradict defendant's declaration, nor constitutes evidence of EOUSA's bad faith in responding to his FOIA request. No agency is obligated to produce records that it does not maintain. *See Rothschild v. Dep't of Energy*, 6 F.Supp.2d 38, 40 (D.D.C.1998). Nor is EOUSA obligated to produce records of the Polk County Sheriff's Office. It is a local law enforcement office, not a federal agency, and thus is not subject to the FOIA. *See Beard v. Dep't of Justice*, 917 F.Supp. 61, 63 (D.D.C.1996) (Metropolitan Police Department, local law enforcement agency, not subject to the FOIA); *see* 5 U.S.C. § 552(f)(1).

### C. Exemptions

#### 1. Exemption 2

Exemption 2 protects materials that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). Generally, courts limit Exemption 2 protection to "trivial administrative matters of no genuine public interest" ("low 2" exempt information), and to information that, if disclosed, "may risk circumvention of agency regulation" ("high 2" exempt information). *Schiller v. NLRB*, 964 F.2d 1205, 1206 (D.C.Cir.1992); *see Schwaner v. Dep't of the Air Force*, 898 F.2d 793, 795 (D.C.Cir.1990).

■ The EOUSA invokes Exemption 2 ("low 2") to protect material that is trivial administrative information, the disclosure of which is lacking in any genuine or significant public benefit. Boseker Decl., ¶ 17. Its supporting declaration, however, offers no explanation as to how this internal material is so trivial as to warrant protection under Exemption 2. It is not sufficient to describe the information as "purely internal material." *See* Boseker Decl., *Vaughn* index (Documents 6 & 9).

## 2. Exemption 3

Exemption 3 protects records that are "specifically exempted from disclosure by statute … provided that such statute either '(A) [requires withholding] in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.'" 5 U.S.C. § 552(b)(3). Rule 6(e) the Federal Rules of Criminal Procedure qualifies as a statute because Congress affirmatively enacted it. *See Fund for Constitutional Gov't v. Nat'l Archives and Records Serv.*, 656 F.2d 856, 867–68 (D.C.Cir.1981).

Rule 6(e) prohibits disclosure of "matters occurring before [a] grand jury." Fed.R.Crim.P. 6(e)(2); *see In re Motions of Dow Jones & Co., Inc.*, 142 F.3d 496, 498–501 (D.C.Cir.), *cert. denied sub nom. Dow Jones & Co., Inc. v. Clinton*, 525 U.S. 820, 119 S.Ct. 60, 142 L.Ed.2d 47 (1998). Rule 6(e) does not automatically seal all that the grand jury sees and hears; rather, the Court of Appeals for the District of Columbia Circuit has limited the exception to material which, if disclosed, would "tend to reveal some secret aspect of the grand jury's investigation, such matters as the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." *Senate of Puerto Rico v. United States Dep't of Justice*, 823 F.2d 574, 582

(D.C.Cir.1987) (quoting *Securities and Exchange Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C.Cir.) (en banc), *cert. denied*, 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980)).

■ In this case, the declarant states that disclosure of the materials at issue would reveal "the scope of the grand jury's investigation by setting forth where the Government sought to find evidence to develop its case, how the Government developed its case, and who the Government relied upon to develop elements of the alleged crimes." Boseker Decl., ¶ 21. Thus, defendant adequately supports its decision to withhold the grand jury transcripts in full. *See, e.g., Rugiero v. United States Dep't of Justice*, 257 F.3d 534, 549 (6th Cir.2001), *cert. denied*, 534 U.S. 1134, 122 S.Ct. 1077, 151 L.Ed.2d 978 (2002) (protecting grand jury transcripts, exhibits, and identities of witnesses); *see also Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d 856, 869 (D.C.Cir.1981) (information that would reveal identities of witnesses or jurors, the substance of the testimony, the strategy or direction of the investigation, and grand jury deliberations are protected from disclosure).

## 3. Exemption 5

Exemption 5 protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). "[T]he parameters of Exemption 5 are determined by reference to the protections available to litigants in civil discovery; if material is not 'available' in discovery, it may be withheld from FOIA requesters." *Burka v. United States Dep't of Health and Human Servs.*, 87 F.3d 508, 516 (D.C.Cir.1996). Attorney work product is among the types of mate-

rial that are unavailable in discovery. *See, e.g., Federal Trade Comm'n v. Grolier, Inc.*, 462 U.S. 19, 103 S.Ct. 2209, 76 L.Ed.2d 387 (1983). Records are properly withheld as attorney work product if they contain the "mental impressions, conclusions, opinions or legal theories of an attorney" and were "prepared in anticipation of litigation." Fed.R.Civ.P. 26(b)(3).

▬ In addition, Exemption 5 encompasses the deliberative process privilege, which "shields only government 'materials which are both predecisional and deliberative.'" *Tax Analysts v. Internal Revenue Service*, 117 F.3d 607, 616 (D.C.Cir.1997) (quoting *Wolfe v. Dep't of Health & Human Servs.*, 839 F.2d 768, 774 (D.C.Cir.1988) (en banc)). A document is "deliberative" if it "makes recommendations or expresses opinions on legal or policy matters." *Vaughn v. Rosen*, 523 F.2d 1136, 1143–44 (D.C.Cir.1975).

▬ The declarant explains that the records at issue were "prepared by or at the request or direction of an attorney, and made in anticipation of or during litigation," and reflect the attorneys' trial preparation and trial strategy regarding plaintiff's criminal case. Boseker Decl., ¶ 24. In addition, the information contained in these records reflect communications among government personnel regarding litigation issues, alternatives, and strategies pertaining to the prosecution of plaintiff's criminal case. *Id.*, ¶ 25. Accordingly, defendant adequately justifies its decision to withhold information under Exemption 5. *See Jimenez v. Federal Bureau of Investigation*, 938 F.Supp. 21, 28 (D.D.C.1996).

### 4. Exemption 7

▬ Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes," but only to the extent that disclosure of such records would cause an enumerated harm. 5

U.S.C. § 552(b)(7); *see FBI v. Abramson*, 456 U.S. 615, 622, 102 S.Ct. 2054, 72 L.Ed.2d 376 (1982). In order to withhold materials under Exemption 7, an agency first must establish that the records or information were compiled for law enforcement purposes, and that the material satisfies the requirements of one of the subparts of Exemption 7. *See Pratt v. Webster*, 673 F.2d 408, 413 (D.C.Cir.1982). Given the nature of plaintiff's FOIA request, it is evident that the records he seeks were compiled for law enforcement purposes.

#### a. Exemption 7(C)

▬ Exemption 7(C) protects from disclosure information in law enforcement records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). In determining whether this exemption applies to particular material, the Court must balance the interest in privacy of individuals mentioned in the records against the public interest in disclosure. *Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C.Cir.1993). "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1282 (D.C.Cir.1992) (quoting *United States Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 773, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989)).

EOUSA withholds the names of third parties, including the names of law enforcement officials and other government employees, on the ground that disclosure of this information will result in the unwarranted invasion of their personal privacy. Boseker Decl., ¶¶ 27, 29. Similarly, DEA withholds "the name[s] of two third parties

who were involved or associated with the plaintiff, and the photographs of three third parties." Wassom Decl., ¶ 13. In addition, DEA withholds the "names of government employees (including DEA Special Agents)," and the "name of a Task Force Agent, who is a local law enforcement officer." *Id.*, ¶¶ 15, 16. These positions are well supported by relevant case law.[2] *See Reporters Comm. for Freedom of the Press*, 489 U.S. at 773–775, 109 S.Ct. 1468 (stigma of being associated with any law enforcement investigation affords broad privacy rights to those who are connected in any way with a law enforcement investigation unless a significant public interest exists for disclosure); *Lesar v. United States Dep't of Justice*, 636 F.2d 472, 487 (D.C.Cir.1980) (finding legitimate interest in preserving the identities of government officials where disclosure could subject them to annoyance or harassment in either their official or private lives).

### b. Exemption 7(D)

 Exemption 7(D) protects from disclosure those records or information compiled for law enforcement purposes that:

> could reasonably be expected to disclose the identity of a confidential source ... [who] furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation..., information furnished by a confidential source.

5 U.S.C. § 552(b)(7)(D). There is no assumption that a source is confidential for purposes of Exemption 7(D) whenever a source provides information to a law enforcement agency in the course of a crimi-

nal investigation. *See United States Dep't of Justice v. Landano*, 508 U.S. 165, 181, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993). Rather, a source's confidentiality is determined on a case-by-case basis. *Id.* at 179–80, 113 S.Ct. 2014. "A source is confidential within the meaning of 7(D) if the source provided information under an express assurance of confidentiality or in circumstances from which such an assurance could reasonably be inferred." *Williams v. Federal Bureau of Investigation*, 69 F.3d 1155, 1159 (D.C.Cir.1995) (citing *Landano*, 508 U.S. at 170–74, 113 S.Ct. 2014).

 Where an agency relies on an express assurance of confidentiality to justify its decision to withhold information under Exemption 7(D), it must offer "probative evidence that the source did in fact receive an express grant of confidentiality." *Campbell v. United States Dep't of Justice*, 164 F.3d 20, 34 (D.C.Cir.1998) (quoting *Davin v. U.S. Dep't of Justice*, 60 F.3d 1043, 1061 (3rd Cir.1995)). Such evidence may take many forms, such as notations on the face of the withheld document, an official's personal knowledge about the source, a statement from the source, or documents discussing practices or policies for dealing with the source at issue or similarly situated sources. *Id.*

 Where an agency relies on an implied assurance of confidentiality, the Court must determine "whether the particular *source* spoke with an understanding that the communication would remain confidential." *Landano*, 508 U.S. at 172, 113 S.Ct. 2014 (emphasis in original). The nature of the crime investigated and informant's relation to it are the most impor-

---

**2.** DEA invokes Exemption 7(C) in conjunction with Exemption 7(F) to justify its decision to withhold the names and identities of DEA Special Agents and the a local law enforcement officer. Wassom Decl., ¶¶ 17–20. Because the Court concludes that DEA properly

invoked Exemption 7(C) with respect to the same information, the Court need not reach the applicability of Exemption 7(F). *See Simon v. Dep't of Justice*, 980 F.2d 782, 785 (D.C.Cir.1994).

tant factors in determining whether implied confidentiality exists. *Id.* at 179–80, 113 S.Ct. 2014; *Quinon v. FBI*, 86 F.3d 1222, 1231 (D.C.Cir.1996).

 EOUSA withheld under Exemption 7(D) "confidential informant identities and information provided" by these informants. Boseker Decl., *Vaughn* index (Doc. # 8). Its supporting declaration merely asserts that the information withheld "was provided with an express assurance of confidentiality to one or more confidential informants ... as well as information from which the assurance of confidentiality could be reasonably inferred from the fact that these individuals were witnesses to narcotics transactions." Boseker Decl., ¶ 36. It offers no support for this assertion, however. The basis of the declarant's knowledge of such any assurance of confidentiality is unknown. There is no explanation of the agency's policies and procedures regarding confidential informants. Because the record does not contain copies of the records at issue, the Court cannot determine whether a notation regarding confidentiality appears on the face of the withheld document. Nor can the Court discern whether these confidential sources provided information in circumstances under which confidentiality can be inferred.

## D. Segregability

 If a record contains information that is exempt from disclosure, any reasonably segregable information must be released after deleting the exempt portions, unless the non-exempt portions are inextricably intertwined with exempt portions. *Trans–Pacific Policing Agreement v. United States Customs Service*, 177 F.3d 1022 (D.C.Cir.1999); 5 U.S.C. § 552(b). The Court errs if it "simply approve[s] the withholding of an entire document without entering a finding on segregability, or the lack thereof." *Powell v. United States*

*Bureau of Prisons*, 927 F.2d 1239, 1242 n. 4 (D.C.Cir.1991) (quoting *Church of Scientology v. Dep't of the Army*, 611 F.2d 738, 744 (9th Cir.1979)).

 Having reviewed DEA's declaration and attachments, the Court concludes that DEA has withheld only the records or portions of records exempt under Exemption 7(C), and that all reasonably segregable material has been released. With respect to these records, the agency's declaration and attachments adequately specify "in detail which portions of the document[s] are disclosable and which are allegedly exempt." *Vaughn v. Rosen*, 484 F.2d at 827. The Court makes no segregability finding at this time with respect to records located by EOUSA.

## III. CONCLUSION

The Court will grant defendant's summary judgment in part. Defendant adequately has demonstrated compliance with the FOIA regarding the adequacy of the search for responsive records and the applicability of Exemptions 3, 5, 7(C). In all other respects, the motion is denied without prejudice.

Accordingly, it is hereby

ORDERED that defendant's motion to dismiss [Dkt. # 22] is DENIED, and it is

FURTHER ORDERED that defendant's motion for summary judgment [Dkt. # 22] is GRANTED IN PART, and DENIED IN PART WITHOUT PREJUDICE, and it is

FURTHER ORDERED that defendant shall file a supplementary declaration within 60 days of entry of this Order.

SO ORDERED.